UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tracie Farner,<br><br>Plaintiff<br><br>v.<br><br>Tix Corp, et al.,<br><br>Defendants | Case No. 2:25-cv-02373-CDS-NJK<br><br>**Order Granting Motion for Voluntary Dismissal with Prejudice**<br><br>[ECF No. 41] |

Plaintiff Tracie Farmer and defendants LVTickets 99 LLC, Tix Corp., Tix4 Inc., Black Star Investments LLC, and Red Mercury Entertainment, LLC, filed a stipulation to dismiss this action with prejudice. ECF No. 41. This stipulation of dismissal was filed in compliance with the court's order following settlement at the March 9, 2026 early neutral evaluation conference. ECF No. 34. The stipulation is signed by counsel for the plaintiff and counsel for the defendants, and it provides that "this action shall be dismissed with prejudice pursuant to FRCP 41(a)(2)." ECF No. 41. As such, the joint stipulation of dismissal is construed as a motion for voluntary dismissal by court order under Rule 41(a)(2).[1]

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." However, under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and the rule expressly contemplates that the dismissal may be with prejudice if the court so specifies. *See*

[1] The parties chose not to invoke Rule 41(a)(1)(A)(ii). Instead, they expressly invoked Rule 41(a)(2), which permits a plaintiff to dismiss an action by court order on terms the court considers proper. Plaintiffs rarely proceed under this rule because that provision permits the court to deny the request or impose conditions. Nonetheless, Rule 41(a) expressly provides that a plaintiff "*may* dismiss an action without a court order" by filing a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). The rule does not, however, *require* as much.

*id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

The parties' filing makes clear that they desire to end this litigation. Perhaps due to an oversight, they cite Rule 41(a)(2) instead of (a)(1). Nonetheless, as the defendants' counsel signed the stipulation, it appears the defendants do not oppose dismissal[2] and the court cannot identify any prejudice that would result from dismissal. The essential terms of the confidential settlement remain in effect; therefore, granting the motion, presumably, would not prejudice the defendants in any way.

Accordingly, the court grants the request to dismiss all claims against LVTickets 99 LLC, Tix Corp., Tix4 Inc., Black Star Investments LLC, and Red Mercury Entertainment, LLC. All claims are dismissed with prejudice, with each party to bear its own fees and costs.

The Clerk of Court is kindly instructed to close this case.

Dated: September 17, 2026

Cristina D. Silva
United States District Judge

[2] Especially given that the stipulation was filed by the defendants. ECF No. 41.